IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LENNON LEE WHITLOW, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:10-CV-966-MEF |
| | ) | (WO) |
| CYNTHIA UNDERWOOD, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

One of the uncertain certainties in life is taxes.  Albert Einstein apparently agreed with

that sentiment, having reputedly said that taxes were the hardest thing in the world to

understand.[1]  On November 12, 2010, the pro se plaintiff, Lennon Lee Whitlow, Jr.

("Whitlow"), filed this action against the State of Alabama Department of Revenue ("the

Department"); Assistant Commissioner Cynthia Underwood ("Underwood"); and Branch

Banking & Trust Company, Inc. ("BB&T").  Whitlow claims that the in an attempt to collect

mistakenly assessed taxes, the state defendants garnished his employment wages and issued

a writ of garnishment of his social security wages in violation of his constitutional rights and

---

[1]Internal Revenue Service: Tax Quotes,
http://www.irs.gov/newsroom/article/0,,id=110483,00.html  (last visited February 7, 2011).  Justice
Learned Hand said, "In my own case the words of such an act as the Income Tax . . . merely dance before
my eyes in a meaningless procession: cross-reference to cross-reference, exception upon
exception-couched in abstract terms that offer no handle to seize hold of-leave in my mind only a
confused sense of some vitally important, but successfully concealed, [purpose]. . . "  Learned Hand,
Thomas Walter Swan, 57 Yale L.J. 167, 169 (1947), quoted in Jeffrey L. Yablon, As Certain as
Death-Quotations About Taxes, 110 Tax Notes 103, 111 (2006).

federal law.  In addition, he asserts that BB&T violated 42 U.S.C. § 407 by accepting the writ of garnishment of social security benefits.

On December 10, 2010, the Department and Underwood filed a motion for summary judgment.  (Doc. No. 8.)  On December 17, 2010, BB&T filed a motion to dismiss, or in the alternative, a motion for a more definite statement.  (Doc. No. 12.) Because BB&T relies on evidentiary materials as support for its motion, the court construes the motion to dismiss as a motion for summary judgment.  The plaintiff has filed his responses to the defendants' motions.  (Doc. Nos. 15-17, 21-22.)  Upon consideration of the pleadings, documents and evidentiary materials in this case, the court concludes that the defendants' motions should be granted and this case is due to be dismissed.

## II.  Facts

In this case, the State of Alabama Department of Revenue mistakenly assessed taxes against Whitlow for tax year 2003.  Whitlow's troubles began on July 31, 2006, when the Department entered a final assessment for individual income tax against him in the amount of $2,105.24.  (Attach. to Doc. No. 8, Defs' Ex. B.)  Whitlow did not submit an appeal of the final assessment.  (Attach. to Doc. No. 8, Defs' Ex. A, Dingman's Affid., p. 1.)  The Department subsequently entered a final notice before seizure and issued a garnishment of wages to Whitlow's employer, DPS Group, LLC, for the amount of the unpaid final assessment.  (*Id*.)  In February 2007, the employer garnished Whitlow's wages and provided a $300 garnishment check to the Department. (*Id*.)

On August 5, 2010, a writ of garnishment was issued to BB&T in the amount of

$2,277.01.  (Attach. to Doc. No. 8, Defs' Ex. C.)  After BB&T advised that Whitlow had a

total of  $42.42 in his bank account, the Department sent a release of garnishment to BB&T.

(Attach. to Doc. No. 8, Defs' Ex. A, Dingman's Affid., p. 3; Defs' Ex. F.)

On August 19, 2010, Whitlow called the Department's collection services division,

advising that the Internal Revenue Service ("IRS") changed his federal tax assessment, upon

which the Department had based its assessment.  (Attach. to Doc. No. 8, Defs' Ex. A,

Dingman's Affid., p. 2.)  Department personnel asked Whitlow to send the letter from the

IRS, as well as bank statements, to the Department's central office.  (*Id.*)  On August 24,

2010, Whitlow provided bank statements and IRS documentation to the Department's

taxpayer service division for review, which was subsequently forwarded to the Taxpayer

Advocate's Office.  (*Id.*)

Upon reviewing the bank records and other documentation, the Department's

Taxpayer Advocate issued a taxpayer assistance order rescinding the final assessment for tax

year 2003.  (Attach. to Doc. No. 8, Defs' Ex. D.)  On October 9, 2010, the Department issued

a refund check to Whitlow in the amount of $ 300.00.  (Attach. to Doc. No. 8, Defs' Ex. E.)

### III.  Discussion

### A.  The Tax Injunction Act

The state defendants argue that this court lacks jurisdiction over the plaintiff's claims

due to the application of the Tax Injunction Act, 28 U.S.C. § 1341, and the doctrine of

comity.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States. *See Kokkonen*, 511 U.S. at 377.

Under the Tax Injunction Act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."   28 U.S.C. § 1341.   "The limitation imposed by the act is *jurisdictional*; it embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be drastically limited." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237 (11th Cir. 1991) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)). Thus, the Tax Injunction Act, when applicable, deprives a federal court of subject matter jurisdiction. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).   Furthermore, the Tax Injunction Act "bars claims not only for injunctive or declaratory relief, but also for refunds and damages, as a monetary award would have the same effect on the State as if the prospective relief had been granted." *Kania v. Nelson*, 315 Fed. Appx. 151, 151-52 (11th Cir. 2008).

The Tax Injunction Act bars the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will "enjoin, suspend or restrain" a state tax assessment and (2) the state affords the plaintiff a "plain, speedy and efficient remedy." *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984).   The first element is present because Whitlow was assessed income tax for 2003, and he requests monetary

4

damages.  Thus, the question for the court is whether the State has a remedy which satisfies the second prong.

The "plain, speedy and efficient" condition requires that the state court remedy meets certain procedural criteria.  *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982).  "'The touchstone . . . is whether [the taxpayer] is entitled to a full hearing and judicial determination at which []he may raise any and all constitutional objections to the tax.'"  *Gibson v. Gains, Jr.*, No. 05-15997, 2006 WL 858336, *2 (11th Cir. 2006) (quoting *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1256 (11th Cir. 2003)).  The plaintiff has the burden of demonstrating facts sufficient to overcome the jurisdictional bar of the Tax Injunction Act.  *Gibson, supra* (citing *Smith v. Travis County Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992)).

Alabama law provides the plaintiff with a plain, speedy, and efficient remedy.  *McCord v. I.R.S.*, No. CV-03-BE-0153-S, 2003 WL 22429262, *2 (N.D. Ala. Oct. 3, 2003).  Specifically, ALA. CODE § 40-2A-7(b)(5) provides that a taxpayer has the right to appeal a final assessment to either the Administrative Law Division of the Department of Revenue or to the Montgomery County Circuit Court within thirty (30) days of the final assessment date.  Whitlow did not seek an administrative review of the Alabama Department of Revenue's final assessment by appealing to the Administrative Law Division or the circuit court.  Whitlow does not argue, and has failed to show, that the state remedy available to him was not "plain, speedy and efficient."  This court therefore concludes that Whitlow's claim falls squarely within the ambit of the Tax Injunction Act.  Consequently, this court lacks subject

5

matter jurisdiction to consider the assessment of taxes and the garnishment of funds issued against Whitlow by the state defendants.  The claims against the state defendants should be dismissed without prejudice.  *DiMaio v. Democratic Nat. Committee*, 520 F.3d 1299, 1303 (11th Cir. 2008).

### C.  Social Security Benefits

Whitlow asserts that BB&T violated 42 U.S.C. § 407 by accepting a writ of garnishment of social security benefits in his bank account.  Title 42 U.S.C. § 407(a) provides that social security benefit checks are exempt from attachment, levy, or seizure. Although the Department issued a writ of garnishment against the funds in Whitlow's bank account, it is undisputed that BB&T did not execute the writ and no funds were seized from the account.  Thus, the motion for summary judgment with respect to this claim should be granted in favor of BB&T.

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The defendants motions for summary judgment should be GRANTED.  (Doc. Nos. 8 & 12.)

2. To the extent the plaintiff challenges the garnishment of his wages and the writ of garnishment of funds from his bank account, the claims against the Department and Underwood should be DISMISSED without prejudice.

3. To the extent the plaintiff asserts BB&T violated 42 U.S.C. § 407, the claims against BB&T should be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 21, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of February, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE
